# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Cross, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Valliance Bank, et al.,<br><br>Defendants. | No. CV-23-01058-PHX-DGC<br><br>Adversary No. 2:21-ap-00336-EFB<br>(Case No. 2:20-bk-01730-EFB)<br><br>**ORDER** |

Defendants have filed a motion to withdraw the reference for adversary proceeding No. 2:21-ap-00336-EFB, pending in this District's Bankruptcy Court. Doc. 2. The motion is fully briefed and the Court held a hearing with the parties on July 21, 2023.

For reasons stated on the record, the Court concludes that the motion is not untimely and that it should be granted, to be effective when motions for summary judgment are fully briefed. Bankruptcy Chief Judge Ballinger has been managing this case for many months. He has ruled on motions to dismiss, granted motions to amend, set and adjusted a litigation schedule, and discussed discovery issues with the parties. A third amended complaint has just been filed, and Chief Judge Ballinger has set a schedule for briefing another motion to dismiss and completion of fact and expert discovery. The schedule calls for dispositive motions to be filed about nine months from now.

The Court concludes that it would be inefficient to transfer the case at this time. Chief Judge Ballinger knows the case and is managing it actively. The undersigned knows

only what is in the motion papers and would have to learn much to become an effective case manager.

Because this case contains non-core claims, Defendants have demanded a jury trial, and all parties have not consented to a jury trial in the Bankruptcy Court, the case ultimately must come here for trial.  *See* 28 U.S.C. § 157(e).  And because the Court finds that ruling on summary judgment motions will help it prepare for trial and will avoid the need for two judges to review and rule on summary judgment arguments for the non-core claims, the Court concludes that the reference should be withdrawn after summary judgment briefing is completed.  *See* 28 U.S.C. § 157(d); *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007) ("[T]he bankruptcy court may retain jurisdiction over the action for pre-trial matters").  The undersigned will then rule on the motions and hold the jury trial if needed.

**IT IS ORDERED** that the motion to withdraw the reference (Doc. 2) is **granted**, effective upon completion of summary judgment briefing in the Bankruptcy Court.  The parties shall notify the Court when briefing is finished and the Court will then enter an order effectuating the withdrawal.

Dated this 24th day of July, 2023.

David G. Campbell
Senior United States District Judge