# EXHIBIT B

James Kahn, Esq.
Krystal Ahart, Esq.
BANKRUPTCY LEGAL CENTER
KAHN & AHART, PLLC
301 E. Bethany Home Rd., #C-195
Phoenix, AZ 85012-1266
Email: james.jahn@azbk.biz
Email: krystal.ahart@azbk.biz

*Counsel for Debtor, Skyler Cook*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>SKYLER AARON COOK,<br>              Debtor.<br><br>JAMES E. CROSS, TRUSTEE,<br>              Plaintiff,<br>vs.<br>VALLIANCE BANK, SHELBY BRUHN, and KATHERINE S. BRUHN,<br>              Defendants. | Chapter 7<br><br>Case No. 2:20-bk-01730-EFB<br><br>Adversary No. 2:21-ap-00336-EFB |

## SKYLER AARON COOK'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

TO:    Defendants, Valliance Bank, Shelby Bruhn, and Katherine S. Bruhn, by and through their counsel, Nick A. Griebel, POLSINELLI PC, 100 S. Fourth Street, Suite 1000, St. Louis, Missouri 63102

Debtor Skyler Aaron Cook ("Cook") serves these responses to requests for production in accordance with Fed. R. Civ. P. 45.

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION      PAGE 1

Case 2:21-ap-00336-EFB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 2 of 15

Respectfully submitted,

**KEARNEY, MCWILLIAMS & DAVIS, PLLC**

<u>/s/Rebecca K. Eaton</u>
Rebecca K. Eaton
SBN: 24059705
reaton@kmd.law
1235 South Main, Suite 280
Grapevine, Texas 76051
Tel. / Fax: (817) 764-3459

***Special Counsel for Debtor, Skyler Cook***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via electronic mail upon the following in accordance with the Fed. R. Civ. P. 45 on this 8th day of May 2023:

Nick A. Griebel (*Pro Hac Vice*)
**POLSINELLI PC**
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102
Telephone: (314) 889-8000
Facsimile: (314) 231-1776
Email: ngriebel@polsinelli.com

<u>/s/Rebecca K. Eaton</u>
Rebecca K. Eaton

## RESPONSES TO DOCUMENT REQUESTS

1.   All Documents and Communications concerning the Debtor.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

2.   All Documents and Communications concerning any of the Debtor's Businesses.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

3.   All Communications between the Debtor and anyone else concerning the Debtor, any of the Debtor's Businesses, or any real property that was purchased, developed, or sold by the Debtor (or any of the Debtor's Businesses) for any of the Debtor's Customers.

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION — PAGE 3

Case 2:21-ap-00336-EPB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 4 of 15

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

4. All Communications between the Debtor and any of the Debtor's Customers.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

5. All Communications between the Debtor and any employees, laborers, or contractors utilized, employed, or paid by the Debtor or any of the Debtor's Businesses.

**RESPONSE:**

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION — PAGE 4

Case 2:21-ap-00336-EPB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 5 of 15

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

6. All Communications between the Debtor and any accounting firm utilized or employed by the Debtor.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants on or about April 6, 2023. Specifically, see the Trustee's response to Defendants' Request for Production No. 21, including documents produced by the Trustee as CROSS0017613 through CROSS0024456. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

7. All Communications between the Debtor and the Trustee.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that have already been produced to Defendants. Specifically, see the Trustee's response to Defendants' Request for Production No. 6, including documents produced by the Trustee as CROSS0017417 through CROSS0017600. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

8. All Communications between the Debtor and Valliance.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks information already in Defendants' possession custody, and control. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

9. All Communications between the Debtor and any financial institution or bank other than Valliance.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION — PAGE 6

Case 2:21-ap-00336-EPB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 7 of 15

in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

10. All agreements, contracts, or loan documents that the Debtor (or any of the Debtor's Businesses) entered into with Valliance.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks information already in Defendants' possession custody, and control. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

11. All Documents and Communications concerning any bank accounts or funds that the Debtor (or any of the Debtor's Businesses) had or maintained at Valliance, including, but not limited to, any account histories or bank statements concerning any such accounts or funds that the Debtor (or any of the Debtor's Businesses) had or maintained at Valliance.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION — PAGE 7

Case 2:21-ap-00336-EPB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 8 of 15

in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks information already in Defendants' possession custody, and control. Cook further objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Specifically, see documents produced as CROSS0015300 through CROSS0015554. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

12. All Documents and Communications concerning any bank accounts or funds that the Debtor (or any of the Debtor's Businesses) had or maintained at any bank or financial institution other than Valliance, including, but not limited to, any account histories or bank statements concerning any such accounts or funds that the Debtor (or any of the Debtor's Businesses) had or maintained at these other banks or financial institutions.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION — PAGE 8

Case 2:21-ap-00336-EPB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 9 of 15

13. All agreements or contracts that the Debtor (or any of the Debtor's Businesses) entered into, including, but not limited to, all Partnership Agreements.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that the Trustee produced to Defendants on or about April 6, 2023. Specifically, see the Trustee's response to Defendants' Request for Production No. 14, including documents publicly and produced by the Trustee as CROSS0009965 through CROSS0010088. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

14. All Documents and Communications concerning any and all payments, transfers of money, or loans that the Debtor (or any of the Debtor's Businesses) received, including, but not limited to, all of the Debtor's banking statements at every financial institution or bank at which the Debtor held or maintained funds on account.

**RESPONSE:**

Cook objects that this request is grossly overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks information that has already been produced to Defendants or that is already in Defendants' possession custody, and control. Specifically, see documents produced as CROSS0015300 through CROSS0015554.

Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

15. All Documents and Communications concerning any and all payments, transfers of money, or loans made by the Debtor, any of the Debtor's Businesses, or Valliance, to any of the Debtor's Customers.

**RESPONSE:**

Cook objects that this request is overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Cook also objects that this request seeks information that is already in Defendants' possession custody, and control. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

16. All Documents and Communications concerning any real estate purchased, developed, renovated, or sold by the Debtor (or any of the Debtor's Businesses) for any of the Debtor's Customers (or for their benefit), including all Documents, Communications, and records identifying the dates and amounts of all expenditures for the purchase or development of each such real property or improvement, the dates and amounts of all income or revenue generated on account of each such real property, and the dates and amounts of any disposition of all such income, revenue, or property.

**RESPONSE:**

Cook objects that this request is overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

17. All Documents and Communications concerning any businesses or entities that the Debtor owns which did business with, or entered into any contracts with, any of the Debtor's Customers, including any businesses or entities that the Debtor may be a co-owner of with any of the Debtor's Customers.

**RESPONSE:**

Cook objects that this request is overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook also objects that this request seeks documents that Cook produced to the Trustee and that the Trustee subsequently produced to Defendants. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control.

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION — PAGE 11

Case 2:21-ap-00336-EPB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 12 of 15

18. All Documents and Communications concerning your decision to enter into any Partnership Agreements or otherwise solicit or receive money from any of the Debtor's Customers, including any Documents to which you referred, upon which you relied, or which you provided in making such decisions, and any Documents and Communications relating to any investigation or due diligence that the Debtor or the Debtor's Customers performed with respect to any Partnership Agreements or any real property to be purchased, improved, developed, or sold therefor prior to entering into any Partnership Agreements or otherwise soliciting or receiving any money from any of the Debtor's Customers.

**RESPONSE:**

Cook has already produced all relevant documents within his possession, custody, and control which the Trustee subsequently produced to Defendants.

19. All Documents that the Debtor obtained, generated, or provided relating to any investigation or due diligence that the Debtor or any of the Debtor's Customers performed with respect to the Debtor or any of the Debtor's Businesses at any time, whether or not such investigations relate to any Partnership Agreements, real estate purchased, improved, or sold, investments or loans, or other transactions involving the Debtor (or any of the Debtor's Businesses), and whether such Documents were obtained before or after any such agreements, property interests, or transactions arose or occurred, and all Communications the Debtor has had with any other persons or entities in connection with any such investigations or due diligence at any time.

**RESPONSE:**

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION — PAGE 12

Case 2:21-ap-00336-EPB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 13 of 15

Cook objects that this request is overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Subject to the foregoing objections, Cook has already produced all relevant documents within his possession, custody, and control which the Trustee subsequently produced to Defendants.

20. All Documents and Communications concerning any lawsuits, arbitrations, mediations, or claims that may have been filed or asserted against the Debtor or any of the Debtor's Businesses.

**RESPONSE:**

Cook objects that this request is overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook objects to the extent this request seeks communications protected by the attorney-client privilege or documents containing legal analyses that are protected by the work-product privilege. Cook further objects to the extent that this request includes claims filed in the relevant bankruptcy matter, which are public record and available to Defendants. Subject to the foregoing, please see documents produced herewith as COOK_000001 through COOK_000137.

21. All Documents and Communications concerning any lawsuits, arbitrations, mediations, or claims that may have been filed or asserted by the Debtor or any of the Debtor's Businesses.

**RESPONSE:**

Cook objects that this request is overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Cook objects to the extent this request seeks communications protected by the attorney-client privilege or documents containing legal analyses that are protected by the work-product privilege. Subject to the foregoing, none.

22. All Communications between the Debtor and any federal, state, or local government agencies concerning the Debtor, any of the Debtor's Businesses, any Partnership Agreements, or any real property that was purchased, developed, or sold by the Debtor (or any of the Debtor's Businesses) for any of the Debtor's Customers.

**RESPONSE:**

Cook objects that this request is overly broad because it is not reasonably limited by time or subject matter and therefore exceeds scope of Fed. R. Civ. P. 26(b)(1). In an effort to respond in good faith, Cook is treating this request as if it were limited to the time period and the subject matters relevant to this litigation. Subject to the foregoing, none.

SKYLER COOK'S RESPONSES TO SUBPOENA REQUEST FOR PRODUCTION — PAGE 14

Case 2:21-ap-00336-EPB    Doc 154-2    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit B - Debtors Objections    Page 15 of 15