# **EXHIBIT C**

SO ORDERED.

Dated: May 20, 2020

*[signature]*

**Eddward P. Ballinger Jr., Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SKYLER AARON COOK<br><br>Debtors. | Chapter 11<br><br>Case No. 2:20-bk-01730-EPB<br><br>**ORDER GRANTING U.S. TRUSTEE'S APPLICATION FOR PRODUCTION OF DOCUMENTS AND ORAL EXAMINATION OF SKYLER AARON COOK PURSUANT TO F.R.B.P. 2004 (REMOTELY)** |

This Court having received and considered the United States Trustee of the District of Arizona (the "**U.S. Trustee**") **Application for Federal Rule of Bankruptcy Procedure ("FRBP") 2004 Production of Documents and Examination of Skyler Aaron Cook** (the "**Application**") and good cause appearing:

**IT IS HEREBY ORDERED** granting the Application and directing Skyler Aaron Cook to: (1) produce the documents identified on **Exhibit "A"** on a date, time, and in a form, agreeable to the parties or, if upon notice, after not less than 21 days' notice; and (2) appear for an oral examination under oath by remote means at a date and time agreeable to the parties or, if upon notice, after not less than 28 days' notice. The examination may be recorded by audio, video, or by a court reporter and may be continued, as is necessary, by the U.S. Trustee but not longer than one day of seven hours.

**DATED AND SIGNED ABOVE**

# EXHIBIT A

**I.  INSTRUCTIONS**

A.  This shall be deemed to be a request for the production ("**Request**") by you of all documents enumerated below, whether prepared by or for you or by any other party or any other person, that are in your possession, custody, control, or in the possession, custody or control of your attorneys, accountants, consultants, receivers, employees, agents or anyone acting on your behalf.

B.  In responding to this Request, you are to state:

1.  With respect to each item, category or request, that production will be made as requested, unless the Request is objected to, in which event the reasons for the objection shall be stated specifically;

2.  If objection is made to part of an item, category or request, that part shall be specified and production shall be made for the remaining parts; and

3.  As to each document you are withholding from production on the basis of privilege, you are to provide the following information to identify the document for a subpoena or motion to compel its production:

    a.  Title or description;

    b.  Date;

    c.  Author;

    d.  Recipient(s);

    e.  Number of pages;

    f.  Subject matter;

    g.  Method of transmission; and

    h.  The specific grounds for withholding the document.

C.  You are required to organize and label the documents you produce to correspond with the categories set forth in this Request; if you are currently in business, you may produce documents as they are kept in the usual course of your business.

2

Case 2:21-ap-00336-EPB    Doc 154-3    Filed 08/04/23    Entered 08/04/23 16:07:22
Desc Exhibit Exhibit C May 20    2020 Order    Page 3 of 10

D. If any document or information requested by this Request was formerly in your actual or constructive care, custody, possession or control or that of any of your employees, agents or representatives and has been lost, discarded or destroyed, you shall submit a written statement that:

  1. Describes in detail the nature of the information or document and its contents;

  2. Identifies the person who prepared the document and any and all persons to whom the document was sent or disclosed;

  3. Identifies any and all persons who have seen, had possession or access to or custody of the document;

  4. Specifies the dates on which the document was prepared, transmitted and received;

  5. Specifies the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the identities of the persons requesting and performing the destruction; and

  6. Identifies all persons with knowledge of the contents or any portion of the contents of the document.

E. If you respond to this Request with a response that is complete when made, you are nevertheless under a duty to supplement the response to include documents or information thereafter acquired.

F. If you obtain information which shows (and failure to amend your response in light of such information is in substance a knowing concealment) your earlier response was incorrect when made, or your earlier response, although correct when made, is no longer true, you must supplement your response.

## II. DEFINITIONS

As used herein and unless the context requires otherwise, the terms used in the foregoing Instructions, in these Definitions, and in the following Request for documents shall have the following meanings:

1. "**Affiliate**" shall have the definition set forth in Bankruptcy Code §101(2), and shall include without limitation the following companies and/or persons:

- Buddy's Renovation and Handyman Services, LLC;
- State 48 Acquisitions;
- CMC Industries, LLC;
- CKE Realty Fund, LP;
- CKE Fund Management, LLC;
- CKE Holdings, LLC;
- CKE Home Management, LLC;
- Colton Stormans; and
- Chelsea Mei Cook.

2. "**And**" or "**or**" shall be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of this discovery request all responses which might otherwise be construed to be outside the scope.

3. "**Bankruptcy Case**" means *In re Skyler Aaron Cook,* Case No. 2:20-bk-01730-EPB currently pending in the United States Bankruptcy Court for the District of Arizona.

4. "**Correspondence**" shall mean any and all communications in any form including, but not limited to, electronic mail, memorandum, letters and faxes, and shall include any and all communications by and between You, Your Affiliates, principals, members, assigns, agents, and any third party.

5. "**Debtor**" means Skyler Aaron Cook, the debtor in the Bankruptcy Case, and any person, entity, or agent acting on its behalf, including, but not limited to, any representatives, agents, attorneys, accountants, advisors, and consultants.

6. "**Document**" refers to and includes the originals (or copies if the originals

Case 2:21-ap-00336-EPB   Doc 154-3   Filed 08/04/23   Entered 08/04/23 16:07:22
Desc Exhibit Exhibit C May 20   2020 Order   Page 5 of 10

4

are unavailable to you), and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of every writing of every type of description, and every other thing constituting any medium by which, through which, or on which any type of communication or knowledge has been transmitted, recorded, or preserved, whether printed, handwritten, recorded or graphic matter, computer records, photographic matter, or sound reproductions, wherever produced or recorded, whether claimed to be exempt from production pursuant to a properly asserted privilege or for any other reason, with this definition including, for illustrative purposes and without limitation, all of the following:

    a. Correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, check statements, check stubs, bank statements, memoranda, pamphlets, reports, surveys, studies, analyses, tabulations, graphs, logs, statements, receipts, returns, summaries, pamphlets, books, inter-office or intraoffice communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals and/or other valuation estimates of any kind, and all drafts, alterations, modifications, changes and amendments of any of the foregoing;

    b. All graphic or aural records and representations of any kind, including without limitation photographs, charts, graphs, microfiche, microfilm, videotape recordings, motion pictures and electronic, mechanical or electrical records, cassettes, disks, or recordings of any kind; and

    c. Electronic mail communications, computer disks and diskettes, computer input or output, computer hard drive files, computer back up tapes, zip drive files, tapes, and any other means of computerized recording produced in a form that is reasonably usable as provided in Federal Rule of Civil Procedure 34.

    7. "**Insider**" shall have the definition set forth in Bankruptcy Code §101(31).

    8. "**Person**" means any natural person, corporation, partnership, association,

Case 2:21-ap-00336-EPB    Doc 154-3    Filed 08/04/23    Entered 08/04/23 16:07:22
Desc Exhibit Exhibit C May 20    2020 Order    Page 6 of 10

5

trust, joint venture, sole proprietorship, firm or other business enterprise, governmental entity, or legal entity, and means both the singular and plural.

9. "**Petition Date**" means February 19, 2020.

10. "**Related to**" or "**relating to**" means mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, relating to, depicting, arising from, in connection with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

11. "**You**" or "**Your**" means the Debtor, including any and all managers and members of the Debtor, and any other person, entity, or agent acting on the Debtor's behalf, including, but not limited to, any attorneys, accountants, advisors, and consultants, Affiliates, and Insiders.

**III. DOCUMENTS REQUESTED**

You are requested to produce, in accordance with the foregoing Instructions, the following Documents:

1. Copies of all e-mails and text messages on whatever electronic device Debtor has utilized for communication from January 2018 to present regarding Buddy's Renovation and Handyman Services, LLC and its Affiliates regarding discussions with vendors, investors, unsecured creditors, bank lenders, and bank officers.

2. Copies of all documents and agreements, together with e-mails and text messages on whatever electronic device Debtor has utilized for communication from January 2018 to present regarding Buddy's Renovation and Handyman Services, LLC and its Affiliates regarding ADP (as listed as an unsecured creditor at paragraph 4.1 in the schedule F filed on March 4, 2020) and Paycom Payroll, LLC.

3. Copies of 2016 and 2017 federal and state tax returns.

4. Bank statements, including copies of all deposit slips, deposited checks, cancelled checks, and all wire transfer documentation, for all bank accounts used by Buddy's Renovation and Handyman Services, LLC or any of its Affiliates from January 1, 2017 to present.

5. Bank statements including copies of all deposit slips, deposited checks, cancelled checks, and all wire transfer documentation, for all bank accounts used by Debtor's spouse, Chelsea Mei Cook, from January 1, 2017 to present.

6. Bank statements including copies of all deposit slips, deposited checks, cancelled checks, and all wire transfer documentation, for all bank accounts controlled by Debtor in the name of Colton K. Stormans from January 1, 2017 to present.

7. All correspondence, electronic or otherwise, between Debtor, Buddy's Renovation and Handyman Services, LLC, or any Affiliate and their accountants from January 1, 2017 to present.

8. All Bank statements including copies of all deposit slips, deposited checks, cancelled checks, and all wire transfer documentation, for CMI Industries from January 1, 2017 to present.

9. Identify the current location of and any contact information for Colton K. Stormans.

10. Copies of any and all Cashiers Checks and/or proof of purchase of any Cashiers Checks purchased with funds held in any bank accounts used by Buddy's Renovation and Handyman Services, LLC or any of its Affiliates from January 1, 2017 to present.

11. Describe your relationship with Cavadian Properties, LLC, and provide copies of all written agreements together with, e-mails and text messages on whatever electronic device Debtor has utilized for communication from January 2018 to present regarding Cavadian Properties, LLC.

12. Describe the business you have performed, including any vendors, clients, and/or customers involved, in using the Square® application for payment processing. Provide any and all related information to necessary to access and review information associated with a Square account that you have used from January 1, 2017 to present.

13. Copies of all Intuit Quickbooks Online or Desktop records prepared and/or stored for Debtor and any of its Affiliates from January 1, 2017 to present. Provide any and all

7

Case 2:21-ap-00336-EPB    Doc 154-3    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit C May 20   2020 Order    Page 8 of 10

related information necessary to access and review information associated with an Intuit Quickbooks Online account that you have used, or caused to be used, from January 1, 2017 to present.

14. Copies of all retainer agreements with professionals that you have retained, or caused to be retained on behalf of any Affiliate, since January 1, 2017 to present. Provide copies of all retainer deposits provided pursuant to these retainer agreements and copies of all billing statements related to the services provided (as properly redacted for privilege purposes).

15. Provide a list of all of Chelsea Mei Cook's creditors existing as of February 19, 2020, and a statement as to whether such creditors have received notice of this bankruptcy proceeding.

16. Provide a list of all existing Buddy's Renovation and Handyman Services, LLC remodeling contracts remaining to be fulfilled as of September 1, 2019. Provide an estimated stage of completion for each unfulfilled contract. Provide copies of all such existing uncompleted contracts.

17. Provide a list and copies of all sales agreements with New Western Acquisitions.

18. Provide explanation for September 4, 2019, $10,000.00 wire transfer from Buddy's Renovation and Handyman Services, LLC bank account ending 8489 to Avocado Homes LLC.

19. Provide explanation for August 22, 2019, $31,818.89 wire transfer from Buddy's Renovation and Handyman Services, LLC bank account ending 8489 to Altus Gts Inc at Webster Bank.

20. Provide explanation for September 4, 2019, $95,456.65 wire transfer from Buddy's Renovation and Handyman Services, LLC bank account ending 8489 to Altus Gts Inc at Webster Bank.

21. Provide explanation for two wire transfers received from Adam Esposito in July 2019 for a total of $47,500.

8

Case 2:21-ap-00336-EPB    Doc 154-3    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit C May 20    2020 Order    Page 9 of 10

22. Provide explanation for, and related bank account information pertaining to, wire transfers to Chelsea Mei Cook on November 18, 2019, to an undisclosed Bank of America Account.

23. Copies of all loan applications, financial statements, loan agreements and settlement statements associated with the purchase of the single family residence located at 1335 Hidden Glen, Southlake, TX 76092 by Chelsea Mei Cook and Colton K. Stormans.

24. Copies of all sales agreements and settlement statements related to the sale of the single family residence located at 1335 Hidden Glen, Southlake, TX 76092 in November 2019.

9

Case 2:21-ap-00336-EPB    Doc 154-3    Filed 08/04/23    Entered 08/04/23 16:07:22    Desc Exhibit Exhibit C May 20    2020 Order    Page 10 of 10