# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Arizona**

In re **Skyler Aaron Cook**
Debtor

Case No. **2:20-BK-01730-EFB**

Chapter **7**

*(Complete if issued in an adversary proceeding)*

**James E. Cross, Trustee**
Plaintiff

v.

**Valliance Bank, Shelby Bruhn, and Katherine Bruhn**
Defendant

Adv. Proc. No. **2:21-AP-00336**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Skyler Aaron Cook**

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attached Exhibit with Document Requests and Instructions**

| PLACE | DATE AND TIME |
|---|---|
| Polsinelli PC, 100 S. Fourth Street, Suite 1000, St. Louis, Missouri 63102 | 05/08/23 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **04/24/23**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Valliance Bank**, who issues or requests this subpoena, are:
**Nick Griebel; 100 S. Fourth Street, Suite 1000, St. Louis, Missouri 63102; ngriebel@polsinelli.com; (314) 622-6613**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

John Craiger (Bar No. 021731)
POLSINELLI pc
One East Washington St., Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-Mail: jcraiger@polsinelli.com

Matthew S. Layfield (Pro Hac Vice)
Michael A. Campbell (Pro Hac Vice)
Nick A. Griebel
POLSINELLI PC
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102
Telephone: (314) 889-8000
Facsimile: (314) 231-1776
Email: mlayfield@polsinelli.com
       mcampbell@polsinelli.com

*Attorneys for the Defendants Valliance Bank, Shelby Bruhn,
and Katherine S. Bruhn*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SKYLER AARON COOK,<br><br>                      Debtor. | Chapter 7 Proceedings<br><br>Case No. 2:20-bk-01730-EFB |
| JAMES E. CROSS, TRUSTEE,<br><br>                      Plaintiff,<br><br>vs.<br><br>VALLIANCE BANK, SHELBY BRUHN, and KATHERINE S. BRUHN,<br><br>                      Defendants. | Adversary No. 2:21-ap-00336-EFB<br><br>**EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS** |

1

# DEFINITIONS

1. "Action" means the above-captioned adversary proceeding.

2. "Bankruptcy Case" means the above-captioned bankruptcy proceeding.

3. "Buddy's" means Buddy's Renovation and Handyman Services LLC, as well as any of its related, associated, or affiliated entities, and anyone acting at its direction, on its behalf, or under its control, including its agents, representatives, partners, officers, directors, founders, assigns, employees, attorneys, accountants, and/or consultants.

4. "CKE Fund" means CKE Fund Management, LLC, as well as any of its related, associated, or affiliated entities, and anyone acting at its direction, on its behalf, or under its control, including its agents, representatives, partners, officers, directors, founders, assigns, employees, attorneys, accountants, and/or consultants.

5. "CKE Holdings" means CKE Holdings LLC, as well as any of its related, associated, or affiliated entities, and anyone acting at its direction, on its behalf, or under its control, including its agents, representatives, partners, officers, directors, founders, assigns, employees, attorneys, accountants, and/or consultants.

6. "CKE Management" means CKE Home Management LLC, as well as any of its related, associated, or affiliated entities, and anyone acting at its direction, on its behalf, or under its control, including its agents, representatives, partners, officers, directors, founders, assigns, employees, attorneys, accountants, and/or consultants.

7. "CKE Realty" means CKE Realty Fund, LP, as well as any of its related, associated, or affiliated entities, and anyone acting at its direction, on its behalf, or under its control, including its agents, representatives, partners, officers, directors, founders, assigns, employees, attorneys, accountants, and/or consultants.

8. "CMC Industries" means CMC Industries LLC, as well as any of its related, associated, or affiliated entities, and anyone acting at its direction, on its behalf, or under its control, including its agents, representatives, partners, officers, directors, founders, assigns, employees, attorneys, accountants, and/or consultants.

9. "Concerning" shall mean relating to, referring to, describing, evidencing, comprising, constituting, supporting, or tending to undercut.

10. "Communication" means any transmission of information from one person or entity to another by any means whatsoever, including Documents reflecting such transmission of information.

11. "Complaint" means the currently operative Second Amended Complaint filed by the Trustee against Valliance on May 11, 2022, at ECF No. 39, in the Action.

12. "Customers" means any and all customers, creditors, lenders, investors, partners, or other persons or entities for whom the Debtor performed any services or entered into any agreements, including any services or agreements with respect to any real property or the development thereof, as well as their agents, representatives, partners, officers, directors, employees, attorneys, accountants, consultants, family members, spouse, and any other person or entity acting at their direction, on their behalf, or under their control.

13. "Debtor" means the above-captioned Debtor Skylar Aaron Cook, as well as his agents, representatives, partners, employees, attorneys, accountants, consultants, family members, spouse, any other person or entity acting at his direction, on his behalf, or under his control, and any entities or business in which he is a co-owner, including but not limited to the Debtor's Businesses, as defined below.

14. "Debtor's Businesses" means Buddy's, CMC Industries, CKE Holdings, CKE

3
89362543.1
Case 2:21-ap-00336-EPB    Doc 199-1    Filed 09/15/23    Entered 09/15/23 12:34:19
Desc Exhibit Subpoena    Page 7 of 13

Management, CKE Fund, CKE Realty, and any of the Debtor's other businesses or entities in which he is or was an owner or a co-owner.

15. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

16. "Including" means including but not limited to.

17. "Partnership Agreement" means any Partnership Agreement or any other agreements (including any kind of agreement relating to the sale, purchase, or improvement of any real estate) that any persons or entities entered or claim to have entered with the Debtor or the Debtor's Businesses, including the Partnership Agreements identified in the Complaint.

18. "Trustee" or "Plaintiff" means Plaintiff James E. Cross, including in his capacity as Chapter 7 Trustee of the estate of the Debtor, as well as his agents, representatives, partners, employees, attorneys, accountants, consultants, and any other person or entity acting at his direction, on his behalf, or under his control.

19. "Valliance" means defendant Valliance Bank, as well as anyone acting at its direction, on its behalf, or under its control, including its agents, representatives, partners, officers, directors, founders, assigns, employees, attorneys, accountants, and/or consultants.

20. "You" and "Your" refers to yourself, as well as any entities that you may own or be a co-owner of, and anyone acting at your direction, on your behalf, or as your agents, representatives, partners, employees, attorneys, accountants, consultants, and any other person or entity acting at your direction, on your behalf, or under your control.

## INSTRUCTIONS

1. <u>Objections</u>. If any objection is made to any of the following Requests, including any objection made based upon a claim of privilege as to any response, you should state the legal

basis for the privilege. Where an objection is made to any Request, the objection shall state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a Request must specify the part and permit inspection of the rest. To the extent you refuse to respond to any Request, in whole or in part, on grounds of privilege, identify the withheld Document(s) or Communication(s) on a privilege log. Any redactions to Documents shall be prominently identified with a mark indicating the location and size of the redacted area, and shall be logged.

2. <u>Supplemental Responses</u>. Each and every Request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and you are obligated to timely amend your responses if you learn at any time that any response to one or more of these Requests is incomplete or inaccurate, and promptly serve those amended responses upon counsel for Valliance. Any additional Documents or information that you acquire subsequent to the date of responding to these Requests, up to and including the date of trial, shall be furnished to the attorneys for Valliance promptly after such Documents or information are acquired.

3. <u>Source and Scope of Responses</u>. Each Request requires you to produce all responsive Documents in your possession, custody, or control in their entirety. These Requests are directed to you and persons connected with or representing you (including attorneys) concerning the matters addressed in these Requests. For each of your Responses, you shall indicate which Documents are being produced in response to each particular Request by identifying the document control numbers or BATES stamp numbering of the Documents being produced in response to that particular Request. If no Documents responsive to a particular Request are within your possession, custody, or control, the Response should so state. In the event that you are able

to provide only a portion of the Document(s) called for in any particular Request, provide all Document(s) that you are able to provide.

4. <u>Time Period</u>. Unless otherwise stated, the time period for these Requests is January 1, 2016 to the present.

## DOCUMENT REQUESTS

1. All Documents and Communications concerning the Debtor.

2. All Documents and Communications concerning any of the Debtor's Businesses.

3. All Communications between the Debtor and anyone else concerning the Debtor, any of the Debtor's Businesses, or any real property that was purchased, developed, or sold by the Debtor (or any of the Debtor's Businesses) for any of the Debtor's Customers.

4. All Communications between the Debtor and any of the Debtor's Customers.

5. All Communications between the Debtor and any employees, laborers, or contractors utilized, employed, or paid by the Debtor or any of the Debtor's Businesses.

6. All Communications between the Debtor and any accounting firm utilized or employed by the Debtor.

7. All Communications between the Debtor and the Trustee.

8. All Communications between the Debtor and Valliance.

9. All Communications between the Debtor and any financial institution or bank other than Valliance.

10. All agreements, contracts, or loan documents that the Debtor (or any of the Debtor's Businesses) entered into with Valliance.

11. All Documents and Communications concerning any bank accounts or funds that the Debtor (or any of the Debtor's Businesses) had or maintained at Valliance, including, but not

89362543.1

limited to, any account histories or bank statements concerning any such accounts or funds that the Debtor (or any of the Debtor's Businesses) had or maintained at Valliance.

12. All Documents and Communications concerning any bank accounts or funds that the Debtor (or any of the Debtor's Businesses) had or maintained at any bank or financial institution other than Valliance, including, but not limited to, any account histories or bank statements concerning any such accounts or funds that the Debtor (or any of the Debtor's Businesses) had or maintained at these other banks or financial institutions.

13. All agreements or contracts that the Debtor (or any of the Debtor's Businesses) entered into, including, but not limited to, all Partnership Agreements.

14. All Documents and Communications concerning any and all payments, transfers of money, or loans that the Debtor (or any of the Debtor's Businesses) received, including, but not limited to, all of the Debtor's banking statements at every financial institution or bank at which the Debtor held or maintained funds on account.

15. All Documents and Communications concerning any and all payments, transfers of money, or loans made by the Debtor, any of the Debtor's Businesses, or Valliance, to any of the Debtor's Customers.

16. All Documents and Communications concerning any real estate purchased, developed, renovated, or sold by the Debtor (or any of the Debtor's Businesses) for any of the Debtor's Customers (or for their benefit), including all Documents, Communications, and records identifying the dates and amounts of all expenditures for the purchase or development of each such real property or improvement, the dates and amounts of all income or revenue generated on account of each such real property, and the dates and amounts of any disposition of all such income, revenue, or property.

7

89362543.1
Case 2:21-ap-00336-EPB    Doc 199-1    Filed 09/15/23    Entered 09/15/23 12:34:19
Desc Exhibit Subpoena    Page 11 of 13

17. All Documents and Communications concerning any businesses or entities that the Debtor owns which did business with, or entered into any contracts with, any of the Debtor's Customers, including any businesses or entities that the Debtor may be a co-owner of with any of the Debtor's Customers.

18. All Documents and Communications concerning your decision to enter into any Partnership Agreements or otherwise solicit or receive money from any of the Debtor's Customers, including any Documents to which you referred, upon which you relied, or which you provided in making such decisions, and any Documents and Communications relating to any investigation or due diligence that the Debtor or the Debtor's Customers performed with respect to any Partnership Agreements or any real property to be purchased, improved, developed, or sold therefor prior to entering into any Partnership Agreements or otherwise soliciting or receiving any money from any of the Debtor's Customers.

19. All Documents that the Debtor obtained, generated, or provided relating to any investigation or due diligence that the Debtor or any of the Debtor's Customers performed with respect to the Debtor or any of the Debtor's Businesses at any time, whether or not such investigations relate to any Partnership Agreements, real estate purchased, improved, or sold, investments or loans, or other transactions involving the Debtor (or any of the Debtor's Businesses), and whether such Documents were obtained before or after any such agreements, property interests, or transactions arose or occurred, and all Communications the Debtor has had with any other persons or entities in connection with any such investigations or due diligence at any time.

8
89362543.1
Case 2:21-ap-00336-EPB    Doc 199-1    Filed 09/15/23    Entered 09/15/23 12:34:19
Desc Exhibit Subpoena    Page 12 of 13

20. All Documents and Communications concerning any lawsuits, arbitrations, mediations, or claims that may have been filed or asserted against the Debtor or any of the Debtor's Businesses.

21. All Documents and Communications concerning any lawsuits, arbitrations, mediations, or claims that may have been filed or asserted by the Debtor or any of the Debtor's Businesses.

22. All Communications between the Debtor and any federal, state, or local government agencies concerning the Debtor, any of the Debtor's Businesses, any Partnership Agreements, or any real property that was purchased, developed, or sold by the Debtor (or any of the Debtor's Businesses) for any of the Debtor's Customers.