John Craiger (Bar No. 021731)
**POLSINELLI PC**
One East Washington St., Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-Mail: jcraiger@polsinelli.com

Matthew S. Layfield (Admitted *Pro Hac Vice*)
Michael A. Campbell (Admitted *Pro Hac Vice*)
Nick A. Griebel (Admitted *Pro Hac Vice*)
**POLSINELLI PC**
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102
Telephone: (314) 889-8000
Facsimile: (314) 231-1776
Email: mlayfield@polsinelli.com
       mcampbell@polsinelli.com
       ngriebel@polsinelli.com
*Attorneys for the Defendants Valliance Bank, Shelby Bruhn,
and Katherine S. Bruhn*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br>SKYLER AARON COOK,<br>            Debtor. | Chapter 7 Proceedings<br><br>Case No. 2:20-bk-01730-EFB |
| JAMES E. CROSS, TRUSTEE,<br>            Plaintiff,<br>vs.<br>VALLIANCE BANK, SHELBY BRUHN, and KATHERINE S. BRUHN,<br>            Defendants. | Adversary No. 2:21-ap-00336-EFB<br><br>**DEFENDANTS' RESPONSE AND OBJECTION TO DEBTOR'S MOTION TO AUTHORIZE REPLY BRIEF REGARDING FIFTH AMENDMENT** |

      Defendants in this adversary proceeding, Valliance Bank, Shelby Bruhn, and Katherine S. Bruhn (collectively, "**Defendants**"), by and through undersigned counsel, hereby file this response and objection in opposition to the Motion to Authorize Reply Brief Regarding Fifth Amendment [Docket No. 200] (the "**Motion**") filed by the above-captioned Debtor Skyler Aaron Cook (the "**Debtor**").

The Debtor's Motion is another maneuver in his larger effort to delay the production of documents and communications he was required to produce – both to the U.S. Trustee, and in response to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (the "**Subpoena**") served on Debtor's counsel on April 24, 2023. The Debtor is merely avoiding the production of documents the Trustee failed to gather from him three years ago. The Debtor's stall tactics should be admonished, and he should be ordered to immediately comply with the Subpoena.

The Debtor's Motion incorrectly characterizes the hearing on August 17, 2023 as an "oral argument" on "Mr. Cook's Fifth Amendment objections to Defendants' subpoena to Mr. Cook seeking his texts and emails." [Motion, p. 1]. Such a characterization is inaccurate for two reasons. *First*, the Debtor did not file any motion asserting the Fifth Amendment or the "act of production" doctrine prior the hearing. The Debtor's Motion to Quash Defendants' Subpoena to AT&T Mobility, LLC ("**Motion to Quash**"), filed on July 10, 2023, did not raise any such objections. [Doc. 132]. *Second*, the hearing on August 17, 2023 was not an "oral argument" on any motion, but rather, it was an expedited discovery dispute conference pursuant to Rule 11 of the Individual Procedures of this Court. As such, the Court should disregard the Debtor's argument that "Defendants' response raises various arguments to Mr. Cook's Fifth Amendment objections that were not discussed at the hearing." [Motion, p. 2].

Additionally, at the hearing on August 17, 2023, the Court merely instructed the Debtor's counsel to file a "supplemental brief with respect to the debtor's act of production objection under the Fifth Amendment," and the Defendants' counsel to file "a responsive brief," after which "(t)he Court will rule based on the briefs unless oral argument is requested." [Minute Entry, Doc. 184, p. 2]. The Debtor's failure to address all applicable issues in his Fifth Amendment Brief is not grounds for filing a reply – particularly the Debtor's failure to acknowledge the longstanding rule recognized by the U.S. Supreme Court that records of a debtor in bankruptcy are not privileged under the Fifth Amendment. *In re*

*Harris*, 221 U.S. 274, 31 S.Ct. 557, 55 L.Ed. 732 (1911). The Debtor should have raised his Fifth Amendment arguments in his Motion to Quash over three months ago. The Debtor's delay should not be rewarded, and the Court should deny the Debtor's Motion for Reply Brief.

More importantly, the Court now has more than sufficient briefing to decide the relevant questions and issue appropriate orders. But if the Court grants the Debtor's Motion, the Defendants respectfully request an additional fourteen (14) days after the filing of a reply to file a sur-reply.

**WHEREFORE**, Defendants respectfully request that the Court: (i) deny the Debtor's Motion for Reply Brief; or (ii) if the Court grants the Debtor's Motion for Reply Brief, grant Defendants the opportunity to file a sur-reply fourteen (14) days after filing of any such reply brief.

RESPECTFULLY SUBMITTED this 25th day of September 2023.

POLSINELLI PC

By: */s/ Michael Campbell*
   Michael A. Campbell
   Matthew S. Layfield
   Nick A. Griebel
   *Attorneys for Defendants Valliance Bank,*
   *Shelby Bruhn, and Katherine S. Bruhn*

I hereby certify that on September 25, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants, which constitutes service, pursuant to L.R. Bankr. P. 9076-1:

*/s/ Rebecca O'Brien*